■ BERNADETTE NELSON, Respondent, v HUDSON VALLEY CENTER AT SAINT FRANCIS, LLC, Appellant, et al., Defendants. [982 NYS2d 566]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Hudson Valley Center at Saint Francis, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Lubell, J.), dated November 29, 2012, as denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Hudson Valley Center at Saint Francis, LLC, pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred is granted.

According to the plaintiff, on December 15, 2008, she sought

treatment for her right knee from the defendant physician Spyros Panos. On January 27, 2009, Panos performed surgery on the plaintiff's knee at Hudson Valley Center at Saint Francis, LLC (hereinafter Hudson Valley). On February 1, 2012, the plaintiff commenced this action against Hudson Valley, among others, inter alia, to recover damages for medical malpractice.

The Supreme Court should have granted Hudson Valley's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred. Contrary to the plaintiff's contention, the motion was not properly denied on the ground that discovery might have revealed evidence that would estop Hudson Valley from raising a statute of limitations defense. In opposition to Hudson Valley's motion, the plaintiff's counsel stated that, with further discovery, the plaintiff hoped to be able to establish that Hudson Valley possessed knowledge of Panos's medical malpractice and failed to timely notify the plaintiff so that she could obtain proper care, and that this wrongdoing on the part of Hudson Valley estopped it from asserting a statute of limitations defense. Even if the plaintiff were able to establish these facts, however, they would not give rise to an estoppel (*see Plain v Vassar Bros. Hosp.*, 115 AD3d 922 [2014] [decided herewith]). Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur.